[No. 26404.  Department Two.  February 2, 1937.]

L. Coluccio *et al.*, *Respondents*, v. The State of
Washington *et al.*, *Respondents*, Public Service
Life, Health & Accident Company
*et al.*, *Appellants.*[1]

*F. A. Latcham* and *John J. Langenbach,* for appellants.

*Wright, Jones & Bronson,* for respondents Coluccio *et al.*

*Theodore B. Bruener,* for respondent Rosenbaum.

Tolman, J.—This action was brought by the respondents, as plaintiffs, to recover damages for the destruction by fire of a highway bridge, constructed by them through a subcontractor, for the state highway department and not yet accepted by that department. The cause was tried to the court, sitting without a jury, resulting in findings of fact negativing the defendant's plea of contributory negligence and af-

[1]Reported in 64 P. (2d) 786.

firmatively finding that the fire was caused by the negligence of defendant Iverson, who was the driver of the truck, belonging to defendant Potter, which left the highway and caused the damage. From a judgment against them for $6,068.76 and costs, the defendants have appealed.

The amount of the recovery is not questioned except as hereinafter mentioned. The appellants' principal contention seems to be (1) that they were guilty of no negligence, and (2) that, in any event, respondents were not entitled to recover because of their contributory negligence.

Viewing the issues as we do, it seems wholly unnecessary to detail the facts (undisputed and disputed) in order only to present a complete story.

We have read and carefully considered the entire record, and from it we find that the evidence does not preponderate against the findings of the trial court; that those findings, though brief, are sufficient to support the judgment; and that the judgment must be affirmed in all respects except only as to form.

It appears that the appellant Potter was a common carrier, and that the appellant Public Service Life, Health & Accident Company, a corporation, was the surety on Potter's bond for five thousand dollars. It is here urged that the judgment against the surety for five thousand dollars, the extent of its liability, is so worded that it might be construed to be in addition to and not a part of the judgment against the Potters, so that the respondents might collect and receive $11,068.76 instead of $6,068.76. The judgment is somewhat ambiguous and might, perhaps, be construed as indicated.

This question was not raised in the trial court at or before the time of the entry of the judgment, or by motion for a new trial. The question, it appears,

was raised after the entry of the judgment, and, when brought to the attention of respondents, they offered to stipulate in any way which might be desired so as to remove the ambiguity in the judgment and prevent a double recovery. Respondents' offer was not accepted.

This situation requires us to direct that the trial court amend its judgment so as to remove the ambiguity, but, since the matter was not brought to the attention of the trial court, no costs will be allowed to the appellants. On the contrary, as respondents have prevailed in this court, they will recover their costs on this appeal.

The order of this court, therefore, is that the judgment as intended to be entered by the trial court shall stand affirmed, that the same be modified as indicated, and that respondents recover their costs.

STEINERT, C. J., HOLCOMB, BEALS, and ROBINSON, JJ., concur.